United States District Court
Southern District of Texas
**ENTERED**
March 31, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEBRA WALLACE GLENN, § | |
| BOP # 28380-078, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:22-2675 |
| § | |
| TONYA BENTON HAWKINS, § | |
| WARDEN, FPC-BRYAN, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Debra Wallace Glenn, an inmate in the Bureau of Prisons (BOP), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1) and claims that the BOP miscalculated her release date because it failed to provide her with time credits to her sentence under the First Step Act. The respondent filed a motion for summary judgment (Dkt. 13), and Glenn filed a letter (Dkt. 14) in response. After reviewing the pleadings, the briefing and evidence submitted, the applicable law, and all matters of record, the Court concludes that the respondent's motion for summary judgment should be **granted** and that Glenn's claims should be **dismissed** without prejudice because she did not exhaust her administrative remedies before seeking habeas relief.

## I.  BACKGROUND

Glenn is incarcerated at FPC-Bryan. On March 9, 2020, after a guilty plea, she was convicted of conspiracy to possess with intent to distribute more than 50 grams of

methamphetamine and sentenced to 120 months in the BOP. *See United States v. Glenn*, Criminal Action No. 1:19-CR-14-MAC-ZJH-4 (E.D. Tex. Mar. 9, 2020). Currently, her projected release date is June 2026. *See* Inmate Locator, Bureau of Prisons, available at https://www.bop.gov/inmateloc/ (last visited Mar. 30, 2023). Glenn claims that her sentence should be reduced by 3,112.5 days and that she should be immediately released from custody (Dkt. 1, at 14).

Hawkins filed a motion for summary judgment and argues that Glenn failed to exhaust her administrative remedies before filing suit. She attaches a declaration from Tiffany Kacmarcik-Ramirez, acting associate warden at FPC-Bryan, who states that Glenn has not filed any administrative remedies related to time credits under the First Step Act (Dkt. 13-1, at 2-3). Glenn concedes that she did not exhaust her remedies before filing suit. She requests that the Court "award [her the] days [she] earned" or that the Court permit her to withdraw her motion without prejudice "and start over" (Dkt. 14, at 2).

## II.     LEGAL STANDARDS

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software Inc.*, 232 F.3d

473, 477 (5th Cir. 2000). In deciding a summary judgment motion, the reviewing court must "construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (cleaned up). However, the non-movant cannot avoid summary judgment simply by presenting "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Jones v. Lowndes Cnty.*, 678 F.3d 344, 348 (5th Cir. 2012) (cleaned up); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

Federal courts do not hold *pro se* habeas petitions "to the same stringent and rigorous standards as . . . pleadings filed by lawyers." *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) (cleaned up). However, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992). Even a *pro se* plaintiff must specifically refer to evidence in the summary judgment record in order to place that evidence properly before the court. *Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 217 & n.9 (5th Cir. 2016); *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).

### III. <u>ANALYSIS</u>

Glenn challenges the calculation of time credits on her sentence. The Bureau of Prisons has a four-step administrative remedy procedure for inmate complaints. 28 C.F.R. § 542.10-542.19; *see U.S. v. Setser*, 607 F.3d 128, 133 (5th Cir. 2010). A prisoner must exhaust all available administrative remedies before challenging the calculation of her

sentence in a federal petition. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012); *Rourke v. Thompson,* 11 F.3d 47, 49 (5th Cir.1993). Exceptions are appropriate if administrative remedies are unavailable or "wholly inappropriate to the relief sought," or if "the attempt to exhaust such remedies would itself be a patently futile course of action." *Gallegos-Hernandez*, 688 F.3d at 194 (cleaned up). Prisoners who continue to pursue administrative remedies after filing their petition have not satisfied the requirement to fairly present their claims in the administrative process before filing their suit. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *Cartwright v. Outlaw*, 293 F. App'x 324 (5th Cir. 2008). An unexhausted petition is subject to dismissal. *See Fuller*, 11 F.3d at 62.

In this case, the respondent has presented an affidavit from the acting associate warden stating that Glenn did not pursue her administrative remedies before filing her petition (Dkt. 13-1, at 3). Glenn concedes the point, stating that she was misled by advice that exhaustion was unnecessary in her case (Dkt. 14, at 1). Her petition also acknowledged that she had not fully exhausted her remedies before filing her petition. *See* Dkt. 1, at 3-4 (stating that she had "started the administrative remedies" regarding her claims but that the remedies were futile because FPC-Bryan "has a long history of 'slow walking' remedies"). Her letter to the Court requests that she be permitted to withdraw her petition without prejudice (Dkt. 14, at 2).

The record reflects no genuine issue of material fact as to Glenn's failure to exhaust her administrative remedies before filing this habeas action. The exhaustion requirement is mandatory. *See Gallegos-Hernandez*, 688 F.3d at 194. Although some exceptions exist,

Glenn does not present evidence that any exception applies in her case. Her claims therefore must be dismissed without prejudice.

## IV.     CONCLUSION

For the reasons stated above the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment (Dkt. 13) is **GRANTED**.

2. The petition for a writ of habeas corpus (Dkt. 1) filed by Debra Wallace Glenn is **DISMISSED without prejudice** for failure to exhaust administrative remedies.

3. All other pending motions, if any, are **DENIED as moot**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____March 31_____, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE